The State ex rel. Hamilton vs. The Municipal Court of Milwaukee.

---

THE STATE EX REL. HAMILTON vs. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF MILWAUKEE and another.

*January 8 — February 5, 1895.*

*Criminal law: Milwaukee municipal court: Jurisdiction: New trial.*

Where a violation of an ordinance of the city of Milwaukee (in this case the sale of liquor without a license) is also a misdemeanor and indictable under the general law of the state, it is not within the summary police jurisdiction of the Milwaukee municipal court, but within its general jurisdiction as a court of record (secs. 2499–2501, S. & B. Ann. Stats.); and that court has power in such a case to set aside a verdict of guilty and grant a new trial.

The State ex rel. Hamilton vs. The Municipal Court of Milwaukee.

MANDAMUS to the municipal court of the city and county of Milwaukee, and to EMIL WALLBER, judge of said court. *Peremptory writ denied.*

This is an action of *mandamus.* One John H. Sheldon was convicted by the verdict of a jury, in the municipal court of the city and county of Milwaukee, of having sold intoxicating liquors without a license, contrary to the provisions of an ordinance of the city. A motion for sentence on the verdict was denied. The verdict was set aside, and a new trial granted. On the application of the city attorney this court issued an alternative writ of *mandamus* directing the municipal court forthwith to sentence the said John H. Sheldon upon the verdict of the jury, or to show cause to the contrary. The trial is upon a demurrer to the alternative writ. The question at issue is the power of the municipal court to set aside the verdict of a jury and to grant a new trial in a prosecution for the breach of an ordinance of the city, which is, at the same time, a misdemeanor under the statute of the state.

*Charles H. Hamilton,* city attorney, relator in *pro. per.,* contended: (1) The jurisdiction of the municipal court of prosecutions for violation of city ordinances is statutory, special, and limited, and the proceedings on such prosecutions are summary. (2) When such a special jurisdiction exists it can only be exercised in the manner pointed out in the statute, and the rules of procedure must be strictly observed. Horr & B. Mun. Police Ordinances, § 203; *Carson v. Bloomington,* 6 Ill. App. 481; Tiedeman, Mun. Corp. § 104; Dillon, Mun. Corp. § 430; Sutherland, Stat. Const. § 391, and cases cited. (3) No power is conferred upon the municipal court by the statutes giving it jurisdiction for prosecutions for violations of city ordinances to grant a new trial to a defendant convicted of such a violation. (4) *Mandamus* lies to compel the court to sentence a defendant upon the verdict of a jury, where the court has no power to grant

The State ex rel. Hamilton vs. The Municipal Court of Milwaukee.

a new trial. *People v. Justices of Sessions*, 1 Johns. Cas. 179; *Judges of Oneida Common Pleas v. People ex rel. Savage*, 18 Wend. 79–93; *State ex rel. Brainard v. Adams*, 12. Mo. App. 436; *Brown v. Kalamazoo Circuit Judge*, 75 Mich. 274; *People ex rel. Rosenfeld v. Graham*, 16 Colo. 347; *People ex rel. Benton v. Monroe Co. Ct. of Sessions*, 46 N. Y. St. Rep. 255; *State v. Shea*, 95 Mo. 85; *Pegalow v. State*, 20 Wis. 61; *People v. Bork*, 96 N. Y. 188.

*W. C. Williams*, for the respondents.

NEWMAN, J. Sec. 2499, S. & B. Ann. Stats., provides generally the character and jurisdiction of the municipal court of the city and county of Milwaukee. It provides that: "It shall be a court of record." "It has and may exercise powers and jurisdiction concurrent and equal with the circuit court for Milwaukee county in all cases of crimes and misdemeanors arising in said county." "The judgments of the municipal court in all cases tried before it may be examined and reviewed by the supreme court in the same manner as the judgments of the circuit court may be." "To carry out its jurisdiction, such municipal court shall have all the powers of circuit courts." This is said, in *Raynor v. State*, 62 Wis. 289, 294, to "disclose a very clear intent that all the judgments of the municipal court should be put upon the same footing as judgments of all courts of record in the state," at least for purposes of review.

Sec. 2500, S. & B. Ann. Stats., provides for the practice in that court: "The general provisions of law which may at any time be in force relative to circuit courts and actions and proceedings therein in cases of crimes and misdemeanors, shall relate also to said municipal court, unless inapplicable; and the rules of practice prescribed by the justices of the supreme court for circuit courts shall be in force in said municipal court, and its rules of practice and proceedings shall conform as near as practicable to the rules and practice of circuit courts."

The State ex rel. Hamilton vs. The Municipal Court of Milwaukee.

Sec. 2501, S. & B. Ann. Stats., relates to the powers of the municipal court as a police court. It vests in the municipal court all the powers and jurisdiction heretofore vested in the police court of the city in all cases of crimes and misdemeanors arising in the city, and of all prosecutions for breach of any ordinance, law, rule, regulation, or resolution of said city. "For such purpose said municipal court shall . . . hear, try and determine in a summary way all cases which shall be brought before it by the police officers. of said city or otherwise, either with or without process, for violations of the laws of this state in cases of crimes and misdemeanors not indictable, arising in said city, or of any of said ordinances, laws, rules, regulations or resolutions of said city."

The line which separates the cases within its summary jurisdiction as a police court, and its general jurisdiction as a court of record, seems to be clearly defined. Prosecutions for crimes and misdemeanors which are not indictable, and for violations of municipal regulations, are within its summary jurisdiction as a police court. Offenses of greater moment are within its general jurisdiction as a court of record.

The sale of intoxicating liquors without a license is an offense against a municipal regulation. But it is more. It is an offense against the general law of the state as well. It is a misdemeanor (sec. 1550, R. S.), and indictable (*Allen v. State*, 5 Wis. 329). The prosecution of such an offense, even under a municipal ordinance, is a (*quasi*) criminal prosecution (*Boscobel v. Bugbee*, 41 Wis. 59; *Platteville v. McKernan*, 54 Wis. 487; *State v. Grove*, 77 Wis. 448), and is not a summary proceeding; while actions for such violation of municipal ordinances as are not also misdemeanors are civil actions (*Platteville v. Bell*, 43 Wis. 488; *Oshkosh v. Schwartz*, 55 Wis. 483), and are within the summary jurisdiction. The cases not within the summary police jurisdic

tion of the court are within its jurisdiction as a court of record. Courts of record, independent of statute, have power to set aside verdicts in criminal cases, and to grant new trials. 1 Bish. Cr. Proc. (3d ed.), § 1268. So it is held that it was within the power of the municipal court to set aside the verdict against John H. Sheldon, and to grant a new trial.

*By the Court.*— The peremptory writ of *mandamus* is denied.