CITY OF MILWAUKEE, Respondent, vs. STACHELSKI, Appellant.

*October 18—November 11, 1924.*

*Municipal corporations: Violations of statute and ordinance as distinct offenses: Prosecution.*

Where a municipal ordinance provides for a penalty for the commission of a petty offense and a state statute covers the same subject, there may be two offenses: one a violation of the ordinance, the other a violation of the statute; and a prosecution may be had on either offense.    p. 144.

APPEAL from a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The defendant was found guilty of violating the provisions of sec. 941.1 of the City Ordinances of *Milwaukee,* which provide that "No person shall within the city of *Milwaukee* sell non-intoxicating liquors as defined in section 1543 of the Statutes without first procuring a license so to do as provided in section 941.11." Sub. (29), sec. 165.01, of the General Statutes provides that town and village boards and common councils shall grant licenses for the sale of non-intoxicating liquors to be consumed on the premises where sold, and also provides as follows: "No such liquor shall be manufactured, sold at wholesale or retail or sold for

consumption on the premises, or kept for sale at wholesale or retail, or for consumption on the 'premises where sold without such license." The penalty for violating the state statute is a fine of not less than $100 nor more than $1,000, or imprisonment in the county jail for not less than one month nor more than six months. For the second offense a fine of not less than $200 nor more than $2,000 is provided, or imprisonment in the county jail of not less than one month and not more than one year. The city ordinance of *Milwaukee* provides for only a fine in the sum named in the state statute, and in default of payment confinement in the Milwaukee house of correction for not less than one month and not more than six months for either first or second offense. The defendant was found guilty and sentenced to pay a fine of $100 and costs. From such judgment he appealed.

*A. W. Richter* of Milwaukee, for the appellant.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Leo A. Mullaney,* assistant city attorney, and oral argument by *Mr. Mullaney.*

VINJE, C. J. The question presented by this appeal is whether a person can be convicted for a violation of a city ordinance which makes it an offense to sell non-intoxicating beverages without a license when the state statute also makes the same identical act an offense and provides a penalty therefor. It is claimed by the appellant that no punishment under the city ordinance can be enforced because the state statute covers the whole subject and prosecutions for the offense must be under the state statute and not under the city ordinance. The city charter of *Milwaukee* grants to the council power "To impose fines for all violations, within the limits of the said city, of the general laws of the state, when, in their judgment, it is necessary for the peace and good order, or for the health of the said city." Ch. IV, sec. 3, sub. 52, Milwaukee Charter Law. It has uniformly been

held in this state that, where an ordinance provides for a penalty for the commission of a petty offense and a state statute covers the same subject, there may be two distinct offenses—one a violation of the city ordinance, the other a violation of the general state statute. And it has been uniformly held that a prosecution either under the ordinance or under the state statute may be had. The following cases sustain such holding: *State ex rel. Milwaukee v. Newman,* 96 Wis. 258, 71 N. W. 438; *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568; *Milwaukee v. Ruplinger,* 155 Wis. 391, 145 N. W. 42. It will be noted that the penalty for violating the city ordinance is different from that of violating the state statute, in this: the state statute provides for a fine or imprisonment, the city ordinance provides for a fine only, and, in default of payment thereof, imprisonment. For an interesting discussion of this subject showing that some courts have come to a contrary conclusion, see note to *Seattle v. MacDonald* (47 Wash. 298, 91 Pac. 952), reported in 17 L. R. A. N. s. 49. The doctrine, however, that violations of the ordinance and the statute constitute two distinct offenses is too firmly intrenched in the jurisprudence of our state to be disturbed at this time.

*By the Court.*—Judgment affirmed.


*A. W. Richter* of Milwaukee, for the appellant.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Leo A. Mullaney,* assistant city attorney, and oral argument by *Mr. Mullaney.*