CITY OF OSHKOSH, Respondent, vs. LLOYD, Appellant.

*October 11—November 15, 1949.*

602

*Franklin ˙McDonald* of Oshkosh, for the appellant.
*Harry E. Meyer* of Oshkosh, for the respondent.

FAIRCHILD, J. There is no evidence brought here by appellant. There is no bill of exceptions. Appellant asks this court to pass on the question of whether certain evidence existed without any evidence before it. We hold that this record does not warrant questioning the ruling of the learned trial judge, who said when ruling upon motions after verdict: "The undisputed evidence is to the effect that the defendant [appellant here] was intoxicated on the night on which he was arrested. . . ." Under the circumstances, the court concluded "that the verdict of the jury is an obvious miscarriage of justice, and this being a civil case the court has no alternative but to set aside the verdict."

An action to recover a forfeiture for violation of a municipal ordinance is a civil action and the rules of civil procedure apply. *Milwaukee v. Burns* (1937), 225 Wis. 296, 274 N. W. 273. The trial judge states that the evidence of guilt is undisputed. Under such evidence a directed verdict would be the proper disposition; or after an unsupported verdict of not guilty has been rendered, it would be the duty of the trial court to set aside the verdict and enter judgment according to the facts. *Milwaukee v. Burns, supra.* Therefore, the contentions of appellant as to the controlling effect of a jury's verdict cannot be sustained under the circumstances. There was no error committed in setting aside this verdict, and there is no occasion for granting a new trial.

The appellant complains that because, in addition to the forfeiture, his license to drive may be revoked under sec. 85.08 (25), Stats. 1947, if he is found guilty under the ordinance of driving while under the influence of intoxicating liquor, he should be accorded special treatment. His argument evidently is that this provision in sec. 85.08 (25) makes a prose-

cution for violation of a drunken-driving ordinance a criminal action. Under that type of action the judge would not have been allowed to change the jury verdict. Patently that argument is groundless. The statute is separate and provides for a separate offense. *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. (2d) 345; *Milwaukee v. Johnson* (1927), 192 Wis. 585, 213 N. W. 335; *Milwaukee v. Stachelski* (1924), 185 Wis. 142, 200 N. W. 769; *Kuder v. State* (1920), 172 Wis. 141, 178 N. W. 249; *Ogden v. Madison* (1901), 111 Wis. 413, 87 N. W. 568; See also Anno., *Offenses as to which a jury trial is a constitutional right,* 75 L. Ed. 177, 197. The statutory provision for revocation of the license adds nothing to the ordinance. It is a mere incidental consequence of violation of the ordinance. *State ex rel. Connolly v. Parks* (1937), 199 Minn. 622, 273 N. W. 233. It certainly cannot have the effect of changing a civil into a criminal action.

During the argument our attention was called to the case of *District of Columbia v. Colts* (1930), 282 U. S. 63, 51 Sup. Ct. 52, 75 L. Ed. 177, as having some bearing on the question; but we have left that case aside because the difference between the character of legislation in that case and the ordinance here considered is so apparent that the *Colts Case* cannot be considered influential as a precedent. The ordinance in the case at bar provides for a civil action to recover a forfeiture, the act of congress in the *Colts Case* provided for an action to punish an offense by imposing a fine *or* imprisonment and for proceedings to be begun by charging the offense in an information.

Respondent asks that this court rule that, on appeal to circuit court, a jury trial may not be had in a prosecution for a violation of a city ordinance. It is the general rule that the constitutional right to a trial by jury does not apply to violations of municipal ordinances. Anno., *Offenses as to which a jury trial is a constitutional right,* 75 L. Ed. 177, 192; 31 Am.

Jur., Jury, p. 575, sec. 28; Note, 1948 Wisconsin Law Review, 96. Therefore, we hold that these offenses are of the class which may be disposed of summarily in the municipal court especially where the statute so provides; but where there is a statutory provision for a jury trial, one may be had. Consequently, there may be an appeal to circuit court where there may be a trial by jury unless waived. The practice followed in Wisconsin, as outlined in the *Ogden Case, supra,* and approved in the *Burns Case, supra,* is confirmed.

*By the Court.*—Judgment affirmed.

HUGHES, J. (*dissenting*). The majority cites *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. (2d) 345; *Milwaukee v. Johnson* (1927), 192 Wis. 585, 213 N. W. 335; *Milwaukee v. Stachelski* (1924), 185 Wis. 142, 200 N. W. 769; *Kuder v. State* (1920), 172 Wis. 141, 178 N. W. 249; and *Ogden v. Madison* (1901), 111 Wis. 413, 87 N. W. 568, to the effect that the action is civil in nature and entirely independent of the statute making the same conduct of the defendant a crime.

In *Milwaukee v. Johnson, supra,* this court pointed out that the earlier cases held (pp. 588, 589):

". . . where a city by ordinance prohibits that which is a crime or misdemeanor and punishable as such at common law or by statute, the action to recover the fine or penalty imposed by the ordinance is quasi-criminal in its nature and that it can be brought to this court only by writ of error. *Boscobel v. Bugbee,* 41 Wis. 59, 64; *Platteville v. McKernan,* 54 Wis. 487, 489, 11 N. W. 798; *State ex rel. Hamilton v. Municipal Court,* 89 Wis. 358, 361, 61 N. W. 1100.

"In the cases just cited the nature of a proceeding to collect a fine or forfeiture under a municipal ordinance was determined entirely by the question whether the act prohibited by ordinance could also be punished as a crime or a misdemeanor in a criminal proceeding which was wholly outside of and entirely independent of and separate from the proceeding under the ordinance. Under the rule adopted in these earlier cases, when the act which violated the city ordinance was not punish-

able either under the common law or by statute the proceeding under the city ordinance was held to be a civil action. *Oshkosh v. Schwartz,* 55 Wis. 483, 488, 13 N. W. 552.

"It is difficult to understand how the nature of the action under the ordinance can be made to depend wholly on the fact that the act complained of can be made the basis of a criminal action. . . .

"In all prosecutions under city ordinances the object of the proceeding is the same,—to collect the penalty or forfeiture which has been imposed by the ordinance."

The court in that case was determining solely the question of whether the case could be reviewed upon appeal rather than upon a writ of error. It went into a long dissertation on the unimportance of procedure and the desirability of avoiding dilatory tactics and concluded this phase of the case with this language (p. 591):

"*Rules of practice and procedure which are not essential to protect property rights or the substantial rights of litigants must give way to rules which will not impede the progress of justice.* Courts must ever regard substance and not be controlled by mere matters of form when passing upon rules of practice and procedure. Those rules must be given judicial sanction which promote the speedy determination of the rights of the parties, provided always that the rules that are approved by the court are such as will protect the substantial rights of persons and of property. The rule upon which the defendant relies is based upon a purely technical distinction which does not exist in fact. Its only effect is to hinder and delay the courts in the administration of justice." (Italics supplied.)

The court then went on to direct the municipal court of Milwaukee county to affirm a judgment of the district court convicting the defendant of possession of gambling devices.

The case of *Milwaukee v. Stachelski, supra,* was a prosecution for violation of a city ordinance prohibiting sale of liquor on premises located in the city without first procuring a license,—conduct purely *malum prohibitum.*

*Kuder v. State, supra,* was a prosecution for speeding in violation of a county ordinance. This court held that a

county ordinance violation could not be prosecuted in the name of the state as a criminal action, and ordered the proceedings dismissed. It is hardly helpful in considering the present question.

The case of *State ex rel. Keefe v. Schmiege, supra,* was a special proceeding for a writ of prohibition from the circuit court for Winnebago county to Schmiege, acting judge of the municipal court of Winnebago county, to prevent him from impaneling a jury to try a defendant accused of operating a motor vehicle while under the influence of intoxicating liquor. The trial court refused to grant the district attorney's petition.

This court upon appeal entered its mandate (p. 87) :

"The order and judgment are reversed, with directions to grant the petition for a writ."

From this it would appear that the question now before the court had been passed upon and that the trial judge was to be directed to try the matter without a jury.

The opinion of the court indicates, however, that such was not the result (pp. 86, 87) :

"For the reasons we have advanced, that portion of the Winnebago county ordinance declaring drunken driving to be a misdemeanor and imposing punishment by fine, imprisonment, or both, is invalid. Whether that portion of the ordinance is severable from the rest so as to permit the enforcement of the rest as a valid regulation, is the next problem to be considered. The ordinance specifically provides for a penalty to be imposed 'upon conviction thereof.' Were the excessive and unauthorized punishment provisions for imprisonment all there were to test interpretation, the rule of such cases as *Milwaukee v. Johnson,* 192 Wis. 585, 213 N. W. 335, might apply, and the objectionable provisions separated so as to leave the valid portions of the ordinance unaffected. But that is not the type of an enactment we are dealing with. Here the application of the provisions for punishment is made to depend on the defendant's being convicted of the misdemeanor. The punishment provisions and the declaration that a violation of the ordinance is a misdemeanor are so closely connected as to be incapable of severance. The court cannot rewrite the ordi-

nance. Taken together, the idea of crime and of punishment by imprisonment indicate an attempt on the part of the county to enact a criminal statute. That is a power the county cannot have, and *the ordinance must therefore be held to be invalid.*

"We agree with the learned trial judge *that before this defendant could be held to be guilty of a misdemeanor he would be entitled to a jury trial if he desired it.* The ordinance is invalid. If there is a prosecution for the commission of a misdemeanor, it will have to be in the name of the state under the statutes of the state." (Italics supplied.)

No writ was ever presented to the circuit court for Winnebago county. Instead, the prosecution under the county ordinance was dismissed, and a new action under the state criminal statute was commenced and tried to a jury.

We therefore approach the question presented upon this appeal as a relatively new one, namely, whether the law depriving bawdyhouse and gambling-house keepers of trial by jury shall be extended to include those charged with drunken driving under municipal ordinances.

Prosecutions under city ordinances were originally held to be quasi-criminal, which I understand to be civil in nature and criminal in procedure. This was a distinction which apparently became difficult to keep in mind, so it has been completely annihilated as the language quoted from the opinion of the court in *Milwaukee v. Johnson* indicates.

We have reached such inconsistency that in submitting a verdict to the jury of guilty or not guilty the courts may instruct that the jury can find the defendant guilty from the simple preponderance of the evidence rather than from evidence which satisfies it of his guilt "beyond a reasonable doubt," as in criminal procedure.

I am unable to determine exactly what the court has here held. The jury found the defendant not guilty. The trial court held that there was no conflict in the evidence and that the defendant was guilty as a matter of undisputed fact, and

adjudged him to be guilty. Upon appeal this conviction by the court notwithstanding the jury verdict is affirmed.

The court refuses to adopt the respondent's proposal that it hold that jury trials are abolished completely in ordinance prosecutions. It apparently holds that the verdicts of juries have only the weight accorded them in civil cases and will be conclusive only when supported by some credible evidence. If that is to be the law respecting enforcement of municipal forfeitures, then I am convinced that the procedure too should be changed to the end that the action will be strictly civil in form and the verdict to be submitted, instead of a finding of guilty or not guilty, be simply "We find for the plaintiff" or "We find for the defendant."

The history of the law of drunken driving is pertinent. Originally, it was made a crime. Thereafter governing bodies of cities adopted ordinances for the primary purpose of garnering fines from convictions into the city treasury rather than permit them to escape into the state treasury.

All of which is relatively unimportant except in so far as it is now proposed as a means of interfering with the individual's right of trial by jury on a charge which is essentially criminal.

There is in my opinion a serious question of whether drunken driving is a proper subject for municipal control at all. However, that question has not been raised and I therefore assume for the purposes of this discussion that it is.

The question for consideration then is whether a prosecution for drunken driving under a city ordinance is a case which entitles the defendant to a jury trial.

Sec. 5, art. I, Const., provides:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. Provided, however, that the legislature may, from time to time, by statute provide that a valid verdict, in civil cases, may be based on the votes of a specified number of the jury not less than five sixths thereof."

In *Ogden v. Madison, supra,* this court held that one who had been convicted of maintaining a house of ill-fame under a city ordinance, in a trial before the municipal court without a jury, and then upon appeal to the circuit court convicted by a jury, had not had his constitutional rights violated.

The gist of the entire question is made crystal clear by the decision in that case (pp. 429, 430):

"In the language of the supreme court of Colorado, in *Mc-Inerney v. Denver,* 17 Colo. 302, we say:

" 'Whatever may be the view concerning the gravity of the offense against a state law, the fact that the legislature authorizes the city to deal with the same subject by ordinance indicates that to the legislative mind the act also properly constitutes one of those petty offenses regarded as local injuries. The public welfare, requiring the maintenance of peace and good order as well as careful sanitary regulations in cities and towns, renders summary proceedings in many cases a necessity. And we are not now prepared to inaugurate the revolution that must follow the announcement of the doctrine that a jury trial is an indispensable requisite.'

"The statute . . . empowers the municipal judge of Dane county to deal with this class of offenders in the manner he did with the plaintiff in error. There is a most respectable line of decisions holding that, even if the law providing for summary proceedings without a jury is invalid, yet if the defendant is entitled on an appeal to a trial by jury, and there be no unreasonable limitation connected with the appeal, the constitutional provisions are satisfied."

It is obvious that the only type of case that does not carry the right of trial by jury was always intended to be that involving a petty offense. Obviously, collection of fine or penalty for violation of city ordinances requiring snow removal from sidewalks, or for riding a bicycle on the sidewalk, or similar innocuous offense, is a matter that can and should be disposed of summarily.

In permitting denial of a jury trial in cases of keeping houses of ill-fame and gambling houses, this court apparently con-

cluded that those were petty offenses. The question of whether the violation of a city ordinance prohibiting driving while under the influence of intoxicating liquor is likewise such a petty offense as to be unworthy of a jury trial has not been passed upon in Wisconsin.

There is a division in the authorities outside of Wisconsin, some having held that drunken driving is of such a petty nature that it may be disposed of summarily.

I am satisfied that the reasoning in the case of *District of Columbia v. Colts* (1930), 282 U. S. 63, 51 Sup. Ct. 52, 75 L. Ed. 177, is much more sound and should be adopted as the rule in Wisconsin. In that case the defendant was charged with driving a car at an excessive rate of speed "in such manner and condition so as to endanger property and individuals." Defendant pleaded not guilty and demanded a jury trial. The demand was denied and he was put on trial before the judge without a jury and found guilty. Upon writ of error the court of appeals of the District of Columbia reversed the judgment, holding that the respondent, under the federal constitution, was entitled to a jury trial.

The United States supreme court, affirming the court of appeals, said (p. 71):

"With that conclusion we agree.

"The acts of congress passed for the government of the district provide that prosecutions in the police court shall be on information; that where the accused would be entitled to a jury trial under the constitution, trial shall be by jury unless waived; and that in cases where the accused would not by force of the constitution be entitled to a trial by jury, trial shall be by the court without a jury, unless, in cases where the fine or penalty may be more than $300 or imprisonment more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury."

The fine for the first offense with which Colts was charged was not less than $25 nor more than $100, or imprisonment

for not less than ten days nor more than thirty days. The court said (pp. 72, 73) :

"It will be seen that the respondent is not charged merely with the comparatively slight offense of exceeding the twenty-two mile limit of speed . . . or merely with driving recklessly . . . but with the grave offense of having driven at the forbidden rate of speed and recklessly 'so as to endanger property and individuals.'

". . . .That there may be many offenses called 'petty offenses' which do not rise to the degree of *crimes* within the meaning of article III, and in respect of which congress may dispense with a jury trial, is settled. (Citing cases.)

"Whether a given offense is to be classed as a crime so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense. The offense here charged is not merely *malum prohibitum*, but in its very nature is *malum in se*."

If the congress or a state legislature, because of the seriousness of the offense, cannot declare it to be a petty offense and thus deprive one accused of a trial by jury, it would seem obvious that the legislature cannot accomplish that result indirectly by declaring it to be a subject for civil control by municipal ordinances.

There is nothing local about drunken driving and very little reason for ordinances duplicating the state law. If they are valid at all, one charged with their violation is entitled to a trial by jury under the constitutional guaranty.