STATE EX REL. MURPHY, Relator, v. VOSS, Circuit Judge, Respondent.

*March 3—April 11, 1967.*

503

504

For the petitioner there was a brief by *Bronson C. La Follette,* attorney general, and *Roger P. Murphy,* district attorney of Waukesha county, and oral argument by *William A. Platz,* assistant attorney general.

For the respondent there was a brief and oral argument by *Robert T. McGraw* of Waukesha.

HALLOWS, J. We start with the fundamental proposition that under the Sixth amendment to the United States constitution and sec. 7, art. I of the Wisconsin constitution all persons are entitled in a criminal prosecution to an impartial jury trial and this right extends to misdemeanors. A jury trial by sec. 5, art. I of the Wisconsin con-

stitution may be waived by the parties in all cases in the manner prescribed by law. By way of implementation, sec. 957.01, Stats., provides for a trial by a jury of 12 in all cases in courts of record and the waiver of such jury trial requires the approval of the court and the consent of the state.

The public policy involved in the questions presented on this appeal is expressed partly at least in the recognition of a constitutional jury trial for misdemeanors and partly in providing a fair and efficient method of adjudicating the vast number of misdemeanor cases inexpensively to the party involved and to the public. To this end the Court Reorganization Act of 1961 originally provided the trial of misdemeanor cases was to be in the county courts. Appeals from such cases were to be to the circuit court except in cases where the trial was to a 12-man jury and in those cases the appeal was directly to the supreme court. See Bill 235, A. (1961), creating sec. 958.075, Stats. But in the legislature Bill 235, A., was amended and sec. 958.075 was enacted in its present form to provide all appeals in misdemeanor cases are to the circuit court where a trial *de novo* is had.[3] Part of the reason for this amendment was to accommodate Milwaukee county where no transcript of the testimony is made in misdemeanor cases and hence an appeal to this court on the record could not be had. Consequently, a trial *de novo* was required in the circuit court with the right to a constitutional jury of 12.

However, if a case is scheduled for a 12-man jury trial in the county court, that court can transfer the case to the circuit court, which was done in the instant cases, under sec. 251.185 (2), Stats., and the appeals therefrom would be to the supreme court. Sec. 274.09. Besides this

---

[3] These appeal provisions have stood successfully the attempts to change or modify them. See Bill 471, S. (1963); Bill 301, A. (1965); Bill 194, A. (1965); and Bills 133, S., and 164, A., currently pending in the legislature.

type of transfer, a circuit court may transfer on its own motion small claims cases under ch. 299 to the county courts. Sec. 251.185 (1). And in counties having a population of 200,000 or more, cases within the concurrent jurisdiction of the county and circuit courts may be transferred between them whenever the county board of judges so determines. Sec. 251.185 (3). Thus it is possible under the present laws to have a trial to the court or a trial to a six-man jury in the county court and a trial *de novo* either to the court or to a 12-man jury in the circuit court.

This court recently held in *State ex rel. Sauk County District Attorney v. Gollmar* (1966), 32 Wis. (2d) 406, 145 N. W. (2d) 670, the consent of the district attorney is necessary for a waiver by the defendant of a 12-man jury under sec. 957.01 (1), Stats., and a demand for a six-man jury in a misdemeanor case in the county court requires for its validity and effectiveness as a waiver of a 12-man jury the consent of the district attorney. By the same reasoning a demand to try a misdemeanor to the court would constitute a waiver of a 12-man jury and would require the consent of the district attorney.

As a result of the *Gollmar Case* and its logical application, a district attorney has the power to require a 12-man jury in every misdemeanor case by simply refusing to consent to a six-man jury trial or to a trial to the court, and the county court under sec. 251.185 (2), Stats., may then transfer to the circuit court all these cases. Respondent argues that in the Court Reorganization Act of 1961 misdemeanant-defendants were given an opportunity for a speedy intermediate appeal of their cases by trial *de novo* in the circuit court by the provision in sec. 958.075 (1). He points out misdemeanants were also given a right to appeal to the circuit court from a county court denial of a new trial by sec. 957.255. It is argued the procedure by which the district attorney refuses to consent to waivers of 12-man juries and the county court transfers all misdemeanor cases to the circuit court is

nothing short of a judicial repeal of these appellate provisions of sec. 958.075, defeats the intention of the legislature and is a violation of the equal protection of the laws.

While the present procedure of handling misdemeanor cases leaves much to be desired from the standpoint of fairness and efficiency in the administration of justice, this court cannot fashion the remedy proposed by the respondent. In order to preserve the appeal from the county court by trial *de novo* in the circuit court, the respondent argues every transfer of the 12-man jury trial to the circuit court should require the defendant's consent. Even if we had the power, which we do not have, to enact this remedy this solution would not solve the problem which is rooted in the requirement of consent by the district attorney to the waiver of a 12-man jury. The policy of the state to avoid two jury trials, whether of six and then 12 jurors or two 12-man jury trials, is under *Gollmar* vested in the discretion of the district attorney. In the original reorganization act, the policy of allowing only one 12-man jury trial was expressed in a direct appeal to the supreme court from the county court of a 12-man jury trial.

The respondent's argument goes farther, however, and is based upon the district attorney's refusal to waive a 12-man jury in favor of a court trial or a six-man jury and thus frustrating the appeal provisions of sec. 958.075, Stats. The state policy in granting uniform criminal jurisdiction to all county courts (except Milwaukee county) contemplated waiver of a 12-man jury at least in most of the misdemeanor cases. That had been the general practice throughout Wisconsin; otherwise, there was no purpose in providing for appeals from the county court in misdemeanor cases in the circuit court. We think if a district attorney refuses as a matter of practice to waive a 12-man jury in misdemeanor cases he would abuse his power and be derelict in his duty.

We hold no constitutional right to the equal protection of the laws was violated by the transfers. The right to an appeal from the county court to the circuit court is granted by statute conditionally and is not of constitutional dimensions. In *McKane v. Durston* (1894), 153 U. S. 684, 687, 14 Sup. Ct. 913, 38 L. Ed. 867, it was said:

". . . An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary."

This language was quoted with approval in *Brown v. Allen* (1953), 344 U. S. 443, 486 n. 36, 73 Sup. Ct. 397, 97 L. Ed. 469. See also 16A C. J. S., Constitutional Law, p. 688, sec. 594; 16 Am. Jur. (2d), Constitutional Law, p. 989, secs. 583, 584. Even when a defendant has a right to trial by jury he has no vested right to the manner or time in which that right may be exercised or waived. *State ex rel. Sowle v. Brittich* (1959), 7 Wis. (2d) 353, 96 N. W. (2d) 337.

The appeal provisions of sec. 958.075, Stats., were enacted not so much as a direct benefit to defendants as to provide an economical administration of justice by having most misdemeanor cases tried to the court or to a six-man jury and this purpose should be kept in mind by the district attorney who cannot arbitrarily withhold consent to a waiver of a 12-man jury trial to avoid an intermediate appeal of a case tried to a six-man jury or to the court.

However, the constitution does not endow a litigant with the right to pick the judge or the court for his litigation. The transfer of cases between various branches of the same court and between trial courts of concurrent

jurisdiction is a necessity in the administration of courts if the work load of judges is to be controlled and equalized. The possibility of uncontrolled transfer of cases without justifying cause and reason is not a violation of the equal protection of the laws but a defect in court organization. The mere possibility of discrimination in such transfer of cases, however, is not sufficient to establish a violation of the equal-protection clause of the constitution. Such a violation requires a showing of invidious discrimination, which means a built-in, planned or intended discrimination in fact. *Queenside Hills Co. v. Saxl* (1946), 328 U. S. 80, 84, 85, 66 Sup. Ct. 850, 90 L. Ed. 1096.

The aim of the "equal-protection-of-the-laws" clause is to assure that every person within the state's jurisdiction will be protected against intentional and arbitrary discrimination, whether arising out of the terms of a statute or the manner in which the statute is executed by officers of the state. *Sunday Lake Iron Co. v. Wakefield* (1918), 247 U. S. 350, 38 Sup. Ct. 495, 62 L. Ed. 1154. Under the facts of the instant case, however, there has been no showing or claim of an intentional, systematic and arbitrary discrimination on the part of the district attorney or the county court. See *Sunday Lake Co. v. Wakefield, supra; Mackay Telegraph & Cable Co. v. Little Rock* (1919), 250 U. S. 94, 39 Sup. Ct. 428, 63 L. Ed. 863; *Yick Wo v. Hopkins* (1886), 118 U. S. 356, 374, 6 Sup. Ct. 1064, 30 L. Ed. 220. In *State v. Roggensack* (1962), 15 Wis. (2d) 625, 633, 113 N. W. (2d) 389, 114 N. W. (2d) 459, we held that equal protection of the laws does not require that all persons, or none, must be prosecuted both civilly and criminally if the prosecutor has discretion in doing so. While the present procedure is far from perfect, it does not offend constitutional rights and the peremptory writ requiring the circuit court to retain these cases for trial must issue.

*By the Court.*—Let a peremptory writ of mandamus issue commanding the respondent to vacate the orders remanding to the county court the nine misdemeanor cases set forth in this opinion and the petition for the writ.

HANSEN, J., took no part.