VILLAGE OF MENOMONEE FALLS, a municipal corporation, Plaintiff-Respondent,

v.

Esther MICHELSON, Defendant-Appellant.†

Court of Appeals

*No. 80–1026. Submitted on briefs April 30, 1981.— Decided June 24, 1981.*
(Also reported in 311 N.W.2d 658.)

---

† Petition to review denied.

138

For the defendant-appellant the cause was submitted on the brief of *Chester J. Niebler* of *Niebler & Niebler* of Menomonee Falls.

For the plaintiff-respondent the cause was submitted on the brief of *William C. Gleisner, III,* of *Gleisner & Schmaus* of Menomonee Falls.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J. Esther Michelson appeals from a judgment which declared that sec. 15.10(8) of the Menomonee Falls Municipal Code is constitutional and that she was in violation of those provisions of the ordinance which require persons to disconnect any drain or other connection on their premises through which rain or surface water may be discharged into the public sanitary sewer system and to install sump pumps in all building foundation drains. She argues that her constitutional rights were violated by both a retroactive application and a selective enforcement of the ordinance. In addition, she argues that the Village of Menomonee Falls failed to prove she had violated the ordinance, and she appeals from a circuit court order denying her demand for a jury trial. We hold that the ordinance was not unconstitutionally applied in a retroactive fashion, and we uphold the trial court's finding that the ordinance was not being selectively enforced. We further hold that Michelson was entitled to a jury trial in the circuit court. Accordingly, we remand the case to that court for a jury determination of whether she was in violation of the ordinance, and we do not decide wheth-

er the trial court's finding that she violated the ordinance was supported by the evidence.

On March 3, 1978, a summons and complaint were served on Michelson directing her to appear before the municipal court of the Village of Menomonee Falls and to answer the complaint's allegation that she was in violation of sec. 15.10 (8) of the village ordinances. Trial to the court was held on April 13 and May 6. On July 31, the court issued a written decision finding Michelson guilty of violating the ordinance and ordering her to pay a $25 fine plus $1 per day from August 1 until she complied with the ordinance.

On August 21, 1978, Michelson filed a notice in the circuit court stating she was appealing the judgment of the municipal court and filed a bond obligating herself to pay the amount of the municipal court judgment if that judgment were affirmed on appeal. On September 18, she filed a written demand for jury trial. The Village opposed the demand on the ground that under sec. 300.14, Stats. (1977), effective July 1, 1978, a trial *de novo* on appeal to the circuit court from a municipal court judgment must be without a jury.

On December 1, 1978, the circuit court, Judge Harold Wollenzien presiding, issued a written decision denying Michelson's jury trial demand. The court stated it was of the opinion that sec. 300.14, Stats. (1977), applied to her appeal and gave her no right to a jury trial. The court subsequently entered an order denying the jury trial demand.

The case was later transferred to Judge John Buckley, and trial to the court was held on December 27 and 28, 1979. The court found that Michelson had violated the ordinance and that the ordinance was not being selectively enforced. The court concluded that the ordinance did not have a retroactive effect in violation of

the due process clause and entered judgment for the Village. Michelson presently appeals.

Upon this court's own motion, this appeal was ordered to be decided by a three-judge panel.

## RETROACTIVE APPLICATION

Michelson argues that Menomonee Falls once had an ordinance which required landowners to install drain tile around building foundations and to connect the tile to the sanitary sewer system. She argues that the present ordinance, enacted in 1974, has a retroactive application because it not only prohibits persons from having a drain or other connection by which rain or surface water may be discharged into a public sanitary sewer but also requires persons, after they have received official written notification from the Village of an ordinance violation, to disconnect *existing* drain connections within six months. She argues that this retroactive application (*i.e.,* the absence of a grandfather clause permitting existing drain connections to continue) violates her constitutional right to due process.

We have discovered nothing in the record showing that foundation drains were ever required to be connected to the sanitary sewer system. Even if they had been, we disagree that Michelson's constitutional rights are violated merely because the ordinance requires her to disconnect, at her own expense, a drain which was once required to be connected.

The synonymous terms "retroactive" and "retrospective" describe a legislative act which operates on transactions which have occurred or rights and obligations which existed before passage of the act. 2 C. Sands, Sutherland Statutory Construction § 41.01, at 245 (4th ed. 1973).

The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking of life, liberty or property without due process of law. Some rules of law probably could not be changed retroactively without hardship and oppression, and this whether wise or unwise in their origin.

*Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 315 (1945).

■

Each legislative act is presumed constitutional, and a heavy burden is placed on the party challenging its constitutionality. *Sambs v. City of Brookfield,* 97 Wis. 2d 356, 370, 293 N.W.2d 504, 511, 449 U.S. 1035 (1980). Any doubt must be resolved in favor of constitutionality. *Id.*

■

We hold that Michelson had no vested right to have a drain connection between her premises and the public sanitary sewer system. Because she had no right to such a connection, her constitutional rights were not violated when the Village required her to disconnect the drain.

Any license to connect with a municipal sewer system must at all times be contingent upon the ability of the system to dispose of the sewage. *Erickson v. City of Sioux Falls,* 70 S.D. 40, 54, 14 N.W.2d 89, 95 (1944). No one has any vested rights in the use of the sewers, nor can a municipality grant such a vested right. *Id.* If, for any reason, the system will not handle sewage from a particular source by reason of its nature or quantity, it is within the power of the municipality to require that the sewer connection be discontinued, and it may be the duty of the municipality to do so in order to protect itself from possible liability for the creation of a nuisance. *Id.,* 70 S.D. at 54, 14 N.W.2d at 95–96.

As a rule, the right given to a property owner to connect with a municipal sewer is in the nature of a license only, and does not become a vested right merely because he was put to considerable expense in constructing a drain from his premises and connecting with the sewer. Such a license may be revoked for cause at any time. The municipality has a right, therefore, if the sewer with which the connection is made becomes a nuisance, to require such drain to be disconnected therefrom, without being liable to the owner of the drain in damages.

11 E. McQuillin, *The Law of Municipal Corporations* § 31.31, at 241 (3rd ed. 1977).

The ordinance involved in the present case is a valid exercise of the Village's police powers and is consistent with the Village's contractual and legal obligations. As the Village points out, when a large amount of clear water is permitted to flow into sanitary sewers, as during a rainstorm, the sewers may overflow and sewage may back up into basements. Further, the influx of clear water into sanitary sewers may reduce the ability of sewage treatment plants to dispose of sewage. *See City of Milwaukee v. Illinois*, 451 U.S. 304, 101 S. Ct. 1784 (1981).

The record shows that the Village has a contract with the Milwaukee Metropolitan Sewerage District regarding the District's treatment of sewage from the Village. One of the terms of the contract is that the Village cannot allow drains or other connections which do not carry sanitary sewage to be connected to the sanitary sewers. Further, the record shows that the Department of Health and Social Services requires storm and clear water wastes to be discharged into storm sewers, where available, and prohibits their discharge into sanitary sewers. Wis. Adm. Code, secs. H 62.04(8)(c) and H 62.12(1).

## SELECTIVE ENFORCEMENT

As a further defense to the Village's action against her, Michelson argues that the Village was enforcing the ordinance against only about fifty percent of the real estate parcels which had a drain connection in violation of the ordinance. She argues that such selective enforcement violates her right to equal protection of the law. We disagree.

The equal protection clause of the fourteenth amendment is violated if an ordinance is administered "with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights." *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74 (1886); *State ex rel. O'Neil v. Town of Hallie,* 19 Wis. 2d 558, 567, 120 N.W.2d 641, 646 (1963). Nevertheless, evidence that a municipality has enforced an ordinance in one instance and not in others would not in itself establish a violation of the equal protection clause. *State ex rel. Cities Service Oil Co. v. Board of Appeals,* 21 Wis. 2d 516, 544, 124 N.W.2d 809, 823 (1963). There must be a showing of an intentional, systematic and arbitrary discrimination. *State ex rel. Murphy v. Voss,* 34 Wis. 2d 501, 510, 149 N.W.2d 595, 599 (1967).

Furthermore, even if the enforcement of a particular law is selective, it does not necessarily follow that it is unconstitutionally discriminatory. Selective enforcement may be justified when the meaning or constitutionality of the law is in doubt and a test case is needed to clarify the law or to establish its validity. Selective enforcement may also be justified when a striking example or a few examples are sought in order to deter other violators, as part of a bona fide rational pattern of general enforcement, in the expectation that general compliance will follow and that further prosecutions will be

unnecessary. It is only when the selective enforcement is designed to discriminate against the persons prosecuted, without any intention to follow it up by general enforcement against others, that a constitutional violation may be found.

*People v. Utica Daw's Drug Co.,* 16 App. Div. 2d 12, 21, 225 N.Y.S.2d 128, 136, 4 A.L.R. 3rd 393, 402 (1962).

In the present case, the trial court found that the Village had "embarked on a program of uniform enforcement throughout the Village. The fact that it may take several years or longer to cover the entire Village does not mean that the ordinance is being selectively enforced or that the defendant is being discriminated against." We believe the trial court's finding that the Village had begun· a program of uniform enforcement is not clearly contrary to the great weight and clear preponderance of the evidence. Accordingly, the trial court's conclusion that the Village's enforcement of the ordinance against Michelson did not violate her right to equal protection must be affirmed. Michelson failed to meet her burden of overcoming the presumption that the ordinance is being constitutionally administered.

## JURY TRIAL

Michelson argues that the circuit court erred when it ruled that she was not entitled to a jury trial in her trial *de novo* in that court.

Initially, we must point out that Michelson had no constitutional right to a jury trial. "It is the general rule that the constitutional right to a jury trial does not apply to violations of municipal ordinances." *City of Oshkosh v. Lloyd,* 255 Wis. 601, 604, 39 N.W.2d 772, 774 (1949). But where there is a statutory provision for a jury trial, one may be had. *Id.* at 605, 39 N.W.2d at 774.

Prior to July 1, 1978, a defendant in a municipal court action was statutorily entitled to request a jury trial. When such a request was made and the required fees were paid, the case was transferred to the county court.

300.04 Jury trial. The defendant shall be informed of his right to a jury trial in county court on payment of fees required under s. 299.21(3). If the defendant requests a jury trial and pays the fees required under s. 299.21(3), the justice shall promptly transmit all papers and fees in the cause to the clerk of the county court of the county where the offense occurred.

Sec. 300.04, Stats. (1975).

Also prior to July 1, an appeal from a municipal court judgment was to the circuit court, and on such an appeal, there was a trial *de novo*.

300.10 Appeals. (1) Appeals from judgments of municipal courts may be taken by either party to the circuit court of the county where the offense occurred. The appellant may appeal by giving the justice written notice of appeal within 20 days after judgment.

. . . .

(5) On appeal from the judgment of a municipal court there shall be a *trial de novo*. Costs of the action in municipal court may be assessed against the losing party.

Sec. 300.10, Stats. (1975) (emphasis added).

Effective July 1, 1978, sec. 31, ch. 305, Laws of 1977, repealed and recreated Chapter 300 of the statutes. Under the new statute, the defendant in a municipal court action retains his or her right to timely request a jury trial. Upon such a request and the payment of fees, the case is, as before, transferred to the county court.

(d) If the defendant pleads not guilty and within 10 days after entry of the plea requests a jury trial and pays the required fees, the municipal judge shall promptly transmit all papers and fees in the cause to the clerk of the county court of the county where the violation occurred for a jury trial under s. 345.43.

Sec. 300.04(1) (d), Stats. (1977). [1]

Under the new statute, however, an appeal from a municipal court judgment to the circuit court is a trial *de novo* only if requested by a party. Significant to the present case, such a trial *de novo* is to the court without a jury.

300.14(4) On appeals from judgments of municipal courts, a transcript shall be prepared of the recorded proceedings in the municipal court. The transcript prepared from the electronic recording shall be certified by the municipal judge and paid for under s. 300.10(7). The tape of the electronic recording shall be retained by the municipal court during the pendency of the appeal and be available to the reviewing court upon its order.

(5) The appeal in circuit court from a judgment of a municipal court shall be a review of the transcript prepared under sub. (4) and the tape of the proceeding if so ordered by the court unless the court in the interest of justice orders or any party requests a trial de novo to the circuit court *without a jury*.

Sec. 300.14, Stats. (1977) (emphasis added). [2]

---

[1] Chapter 300 of the 1977 statutes was renumbered chapter 800 by sec. 68, ch. 32, Laws of 1979. As renumbered, sec. 800.04(1) (d), Stats., was amended by sec. 50, ch. 175, Laws of 1979, to substitute the term "circuit court" for "county court."

[2] As renumbered by sec. 68, ch. 32, Laws of 1979, and repealed and recreated by sec. 2, ch. 237, Laws of 1979, the statute presently provides:

800.14(4) Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a trial de novo *without a jury* be held in circuit court.

(5) If there is no request or motion under sub. (4), an appeal shall be based upon a review of a transcript of the proceedings. The municipal judge shall direct that the transcript be prepared from the electronic recording under s. 800.13(1) and shall certify the transcript. The costs of the transcript shall be paid for under s. 800.10(7). The electronic recording and the transcript shall be transferred to the circuit court for review.

Sec. 800.14(4) and (5), Stats. (emphasis added).

Michelson argues that under the old statute, a trial *de novo* in the circuit court meant a jury trial if requested by the defendant. She argues that she did not waive her right to a jury trial in the circuit court merely because she failed to ask for a jury trial at the municipal court level. She argues that the commencement of the new statute while her case was under submission to the municipal court could not deprive her of her right to a jury trial in the circuit court. We agree.

We believe that under the old statute, a "trial de novo" in the circuit court unambiguously meant a trial to the court or to a jury. A trial *de novo* is a new trial in which the whole case is retried as if no trial whatsoever had been had in the first instance. Black's Law Dictionary 1349 (5th ed. 1979) ; *Stronge & Lightner Co. v. Commissioner of Taxation,* 228 Minn. 182, 195, 36 N.W.2d 800, 807 (1949).

Our interpretation is supported by *City of Oshkosh v. Lloyd,* 255 Wis. 601, 39 N.W.2d 772 (1949). In that case, the defendant was tried and convicted in municipal court of having operated a vehicle while under the influence. He appealed to the circuit court and received a jury trial. The jury returned a verdict of "not guilty." On appeal to the supreme court, the City argued that a jury trial could not be had in the circuit court. The supreme court disagreed and stated that "there may be an appeal to circuit court where there may be a trial by jury unless waived." *Id.* at 605, 39 N.W.2d at 774. At that time, the statute relating to appeals from municipal court to circuit court provided: "Trial on appeal. The appeal shall be tried in the appellate court as an action originally brought there." Sec. 306.17, Stats. (1945). We see no difference between a "trial de novo" and a trial "as an action originally brought there."

Our interpretation is further supported by *State ex. rel. Murphy v. Voss,* 34 Wis. 2d 501, 149 N.W.2d 595

(1967), and *State ex rel. Prentice v. County Court of Milwaukee County*, 70 Wis. 2d 230, 234 N.W.2d 283 (1975). In *Murphy*, the supreme court read the term "trial de novo" in sec. 958.075, Stats. (1961), relating to appeals from county courts to circuit courts in misdemeanor cases, to mean either a trial to the court or to a jury. *Murphy*, 34 Wis. 2d at 506–07, 149 N.W.2d at 597–98. In *Prentice*, the supreme court held that there was no violation of the equal protection clause by virtue of the different statutory treatment accorded to, on the one hand, county court defendants in traffic cases who were required to comply with time and payment limits in order to get a jury trial and, on the other hand, municipal court defendants in traffic cases who could escape these requirements "by appealing whatever result obtained in the municipal court to the circuit court for a trial *de novo*, as provided by *sec. 300.10(5)*, and receiving a *jury trial* without a statutory requirement of timely demand or prepayment." *Prentice*, 70 Wis. 2d at 240, 234 N.W.2d at 288 (emphasis added).

The Village argues that the term "trial de novo" as used in sec. 300.10(5), Stats. (1975), cannot be read to have included a jury trial because a contemporaneous statutory provision which dealt with traffic cases expressly provided that on appeal from municipal court, a defendant was entitled to a trial *de novo* "and to a jury trial."

345.50 Appeal.    (1) JURISDICTION ON APPEAL. Appeals shall be to the circuit court for the county. *On appeal from municipal court, the defendant is entitled to a trial de novo and to a jury trial, on request.* On appeal from county court the circuit court has power similar to that of the supreme court under ch. 817 to review and to affirm, reverse, remand or modify the judgment appealed from.

Sec. 345.50(1), Stats. (1975) (emphasis added).

We are not convinced that, regarding a defendant's right to a jury trial on appeal from a municipal court judgment, the legislature intended to distinguish between cases involving violations of municipal traffic ordinances and those involving violations of other municipal ordinances.

We recognize that a basic rule of statutory construction is to avoid such a construction as would result in any portion of the statute being superfluous. *Department of Revenue v. Milwaukee Refining Corp.*, 80 Wis. 2d 44, 52, 257 N.W.2d 855, 859 (1977). We further recognize that to interpret "trial de novo" to mean a trial to the court or to a jury would render superfluous the words "and to a jury trial" in sec. 345.50, Stats. (1975).[3] Nevertheless, we must point out that to interpret "trial de novo" to mean only a trial to the court, as the Village argues should be done, would render superfluous the words "without a jury" in sec. 300.14(5), Stats. (1977), presently sec. 800.14(4), Stats.

Statutory words that have a peculiar meaning in the law must be construed according to such meaning. Sec. 990.01(1), Stats. We construe the term "trial de novo," by itself, to mean a trial to the court or to a jury, *i.e.*, a completely new trial as if no trial whatsoever had been had in the first instance, consistent with the general legal meaning of that term.

Although we have concluded that under the statute as it existed prior to July 1, 1978, a defendant was entitled to a jury trial on appeal from a municipal court judgment, it is clear that under the statute as it has existed since that date, a defendant is not entitled to a jury trial

---

[3] We note that the entire provision in sec. 345.50, Stats. (1975), regarding appeals from municipal court in traffic cases was repealed by sec. 40, ch. 305, Laws of 1977.

on such an appeal. At issue in the present case is whether Michelson's appeal is governed by the old statute or the new.

When the present case was instituted, the old statute was in effect. For some reason, Michelson did not take advantage of the first opportunity to request a jury trial. She did not request a jury trial and a transfer of the case from municipal court to county court. She may have been relying upon her statutory right to a second opportunity, *i.e.,* her right to request a jury trial in the circuit court on appeal from the municipal court judgment.

Michelson had no chance to take advantage of the second opportunity, however, because while her case was under submission to the municipal court, the legislature repealed the statutory provision for that opportunity. In effect, Michelson was "cheated" out of a jury trial. The legislature first told her she did not need to ask for a jury trial at the municipal court level because she could later ask for one at the circuit court level. Later, after she had passed up her chance to ask for a jury trial at the municipal court level, the legislature changed the rules and withdrew her right to ask for a jury trial at the circuit court level.

We cannot agree with the Village that Michelson waived her right to request a jury trial merely because she failed to exercise that right at the first opportunity. As we pointed out, she may have been relying upon her statutory right to a second opportunity. The possibility of such reliance leads us to conclude that Michelson had a vested right under the old statute to request a jury trial on appeal to the circuit court. For this reason, we hold that the new statute should not apply to the present case.

The Village argues that this holding is contrary to *State ex rel. Sowle v. Brittich,* 7 Wis. 2d 353, 96 N.W. 2d 337 (1959). We disagree.

In *Brittich,* the defendant was served with a warrant on August 21, 1956 in a suit which sought a determination that he was the father of a child born out of wedlock. While the suit was pending and before a preliminary hearing was held, the legislature amended sec. 52.35, Stats. (1955), to require that a demand for a jury trial in a paternity proceeding "shall be made in writing at the time when the defendant is bound over for trial or within 20 days thereafter, and any neglect to make such demand shall be a waiver of the right to trial by jury." Sec. 7, ch. 296, Laws of 1957. The amendment took effect on July 10, 1957. A preliminary hearing was held on September 5, 1957, and the defendant was bound over for trial. Defendant did not request a jury trial until the time of trial. The trial court denied the request. On appeal, the supreme court affirmed and stated:

> Although this statute [as amended] was in effect at the time the defendant was bound over, no such [jury trial] demand was made until almost a year later at the time of the trial.
>
> . . . .
> The defendant had no vested rights in the procedure regulating the waiver of a jury trial . . . in this statutory proceeding. Sec. 52.35, Stats., merely established a new procedure for exercising the right of trial by jury, . . . . There can be no valid objection to applying [it] to an existing cause of action. *The defendant was not deprived of his right to trial by jury* . . . .

Id. at 358–61, 96 N.W.2d at 340, 342 (emphasis added).

In the present case, unlike *Brittich,* application of the new statute would completely deprive the defendant of what was, at the time the new statute came into effect, her only remaining opportunity to request a jury trial.

The Village further argues that even if Michelson had been entitled to a jury trial in the circuit court, the court would have had to direct a verdict in favor of the Village at the close of her case. We disagree.

In determining whether a directed verdict should be granted, the evidence is viewed most favorably to the party against whom the verdict is sought to be directed. *Thompson v. Howe*, 77 Wis. 2d 441, 448, 253 N.W.2d 59, 62 (1977). The test is whether there is any credible evidence which under a reasonable view would support a verdict contrary to that which is sought. *Id.* A trial judge should, except in the clearest of cases, withhold ruling on a directed verdict and ordinarily permit the question to go to the jury. *Voith v. Buser*, 83 Wis. 2d 540, 550, 266 N.W.2d 304, 309 (1978). The standard of proof for conviction of any person charged with violation of any municipal ordinance is evidence that is clear, satisfactory and convincing. Sec. 800.08(3), Stats.

In the present case, we believe it would have been improper for the trial court to have taken the case from the jury by directing a verdict in favor of the Village.

In conclusion, we reverse the judgment and remand the case to the circuit court for a jury trial. We need not address the issue of whether there was sufficient evidence to support the trial court's finding that Michelson violated the ordinance.

In the jury trial, Michelson shall not be entitled to relitigate the issue of whether the ordinance operated in an unconstitutionally retroactive manner or the issue of whether the ordinance was unconstitutionally enforced in a discriminatory manner. A claim of unconstitutionally discriminatory enforcement is not for trial to the jury but for trial to the court. *Utica Daw's*, 16 App. Div. 2d at 15–16, 225 N.Y.S.2d at 131–32, 4 A.L.R. 3rd at

398. The rulings of the trial court and this court on these constitutional issues are the law of the case.

## NONCOMPLIANCE WITH RULES OF
## APPELLATE PROCEDURE

Upon this court's order, Michelson submitted an amended statement of facts for her appellate brief in order to comply with the requirement of Rule 809.19 (1) (d) that each statement of fact be referenced to the record. The Village presently asks this court to assess double costs against her pursuant to Rule 809.25 (1) (b) 5 because her appellate brief, despite the amended statement of facts, still contains many misrepresentations and factual statements which are not referenced to the record. We decline to do so, although we agree that Michelson's amended statement of facts is insufficient in certain respects.

*By the Court.*—Order reversed; judgment vacated and cause remanded for further proceedings.