HOUSEHOLD FINANCE CORPORATION, Appellant, v.
CHRISTIAN, Respondent.*

*September 9—October 6, 1959.*

.

* Motion for rehearing denied, without costs, on December 1, 1959.

For the appellant there was a brief by *Blakely, Long, Grutzner & Jaeckle* of Beloit, and oral argument by *Gerald W. Jaeckle*.

No brief or appearance by the respondent.

Brown, J. Respondent has filed no brief or otherwise presented his cause in this court. We would reverse the judgment as of course, which we may do under Supreme Court Rule 32, sec. 251.32, Stats., except that we consider a reversal granting the full demand of plaintiff's complaint would be a manifest injustice. Therefore we will consider the cause on the merits.

Plaintiff is in the business of making small loans and defendant had previously borrowed money from plaintiff. Just before February 2, 1957, defendant was indebted to plaintiff on a loan whose outstanding balance was $684. Defendant's record with plaintiff for repayment had been good.

Defendant needed money to pay taxes and on February 2, 1957, defendant applied to plaintiff for a further loan. Plaintiff required a financial statement from defendant concerning what other debts defendant then had outstanding. In his own handwriting defendant made out and signed a statement declaring that he owed a present balance to plaintiff, a debt of $700 to the Adams Furniture Company, and $650 to the Beloit State Bank, secured by mortgage on real estate. Defendant wrote on the statement: "I have no other debts."

Plaintiff then lent defendant $864 evidenced by a promissory note in that amount. From that amount plaintiff subtracted the $684 outstanding on defendant's previous loan and subtracted also various service charges connected with the new loan. That left $129 from the nominal $864 and that is all the cash which defendant received in the transaction. He used the money to pay his taxes and a debt at Sears, Roebuck.

Testimony given by defendant and by other witnesses revealed that on February 2, 1957, defendant was indebted to many business establishments upon contracts and purchases requiring instalment payments in addition to the debts listed in defendant's financial statement.

The trial court found:

"3. That the plaintiff did not rely upon the financial statement dated February 2, 1957, that was signed by the defendant and that any loan made by the plaintiff to the defendant was not made in reliance upon said financial statement."

"Conclusions of Law.

"That the plaintiff has failed to prove the allegations of his complaint so that the complaint should be dismissed and the defendant have his costs and disbursements."

On a motion after judgment the court stated:

"The court found by clear and satisfactory evidence, which also amounted to a preponderance of the evidence, that the representations made by defendant were material and false in fact."

The elements of fraud are stated in *Larson v. Splett* (1954), 267 Wis. 473, 475, 66 N. W. (2d) 181, thus:

" 'To be actionable the false representation must consist, first, of a statement of fact which is untrue; second, that it was made with intent to defraud and for the purpose of

inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage.' "

Fraud must be proved by clear and convincing evidence. Id. The trial court found only that the plaintiff did not rely on defendant's financial statement and the loan was not made in reliance on it. We need not discuss the other elements of fraud, since the trial court did not. We need only say that the record convinces us that the other elements of fraud are proved by clear and convincing evidence.

As to reliance on the statement, plaintiff's manager who made the loan testified positively that he did rely on it and the statement was the most important factor in making the loan. There is nothing improbable in that. The manager explained defendant's past record of payments was good. The lender wants to know that. But it also wants to know the borrower's present financial condition, to assure itself that the borrower's present condition is such that he is able to continue a good record if more money is advanced to him. The manager's testimony has not been impeached in any way nor is it inherently improbable.

The trial court thought that if the plaintiff wanted a statement upon which to rely, a more-searching questionnaire must be required. Defendant's statement listed only three debts, of which one, the one to Adams Furniture Company was grossly understated. But the statement was positive and on its face bore no evidence of untruth.

"The rule of law is well established that a purchaser is not justified in relying upon the statements of the seller when their falsity is obvious to him, but this does not require that he shall meet every positive statement with incredulity and must search to ascertain whether it is false. The law recognizes the duty of each to refrain from even attempted deceit of another with whom he deals, and the right of the latter to assume that he will do so." *Jacobsen v. Whitely* (1909), 138 Wis. 434, 436, 120 N. W. 285.

It is not the law of this state that in order to constitute actionable fraud the false representations must have been the sole cause or inducement that led to the contract. It has been repeatedly held that if the representations constitute a material inducement toward entering into the contract it is sufficient. *Darlington v. J. L. Gates Land Co.* (1913), 151 Wis. 461, 464, 138 N. W. 72, 139 N. W. 447. In view of the testimony of the manager that defendant's statement was an inducement to the loan and that the plaintiff relied on it, the trial court was not privileged to find to the contrary in the absence of contradictory testimony or impeaching circumstances.

Therefore we conclude that the judgment must be reversed and judgment entered for plaintiff; but plaintiff is not to have judgment for the amount of the new note, the relief asked by its complaint. The loss plaintiff sustained because of defendant's false statement was only that amount which it parted with by reason of the misrepresentation. The pre-existing loan would have remained on plaintiff's books if defendant had never applied for the increase.

There is no evidence that the original note was in default. Indeed, plaintiff testified that defendant's record on the past loans was good. We agree with the Maine court in *Personal Finance Co. v. Moore* (1957), 153 Me. 122, 135 Atl. (2d) 414, 416. The headnote states the decision thus:

"Where payee advanced money to maker in reliance upon intentionally and materially false financial statement given to payee by maker, and maker executed note partly in renewal of existing unmatured note and partly for new and additional cash advance, such fresh cash paid by payee to maker constituted loss in 'money or property' actually sustained by payee and 'obtained' by maker within Bankruptcy Act provision denying bankrupt a release from liabilities for 'money or property' 'obtained' by false representations, and maker's subsequent discharge in bankruptcy did not bar payee's action to recover fresh cash advanced as result of

maker's false representations. Bankruptcy Act, sec. 17, sub. (a) ; 11 USCA, sec. 35, sub. a (2)."

We concur in the statement in the opinion in the same case that:

"The sole loss in 'money or property' actually sustained by the plaintiff and 'obtained' by the defendant, as a causative result of the latter's misrepresentations, was the fresh cash paid to the defendant by the plaintiff."

We conclude, then, that the defendant's fraud caused only the loss of the new money with which plaintiff parted. Judgment should be granted plaintiff for that amount, shown by the record to be $129, which is not affected by defendant's discharge in bankruptcy because defendant obtained that sum by false representations. 11 USCA, sec. 35 of the Bankruptcy Act.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff for $129, with interest from February 2, 1959, and costs. No costs to be taxed in this court.