Anita PRITCHARD, Administratrix of the Estate of Otto E. Pritchard, Deceased, Appellant,

v.

LIGGETT & MYERS TOBACCO COMPANY, a Corporation, Appellee.

No. 14802.

United States Court of Appeals Third Circuit.

Submitted July 22, 1966.

Decided Dec. 22, 1966.

James E. McLaughlin, McArdle, Harrington, Feeney & McLaughlin, Pitts-burgh, Pa. (James P. McArdle, Pittsburgh, Pa., on the brief), for appellant.

William H. Eckert, Eckert, Seamans & Cherin, Pittsburgh, Pa. (John H. Morgan, William B. Mallin, C. Arthur Wilson, Jr., Pittsburgh, Pa., Bethuel M. Webster, Frederick P. Haas, Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City, on the brief), for appellee.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

## AMENDED OPINION OF THE COURT

PER CURIAM.

This matter was heretofore before the Court on an appeal from a judgment in favor of the defendant in an action for personal injury based on negligence and breach of warranty. 350 F.2d 479, cert. den. 382 U.S. 987, 86 S.Ct. 549, 15 L.Ed. 2d 475. The appeal was from that portion of the judgment which was predicated upon the jury's determination on the issues relating to the alleged breach of warranty. The judgment was reversed and the action was remanded to the court below "with the direction that a new trial be had." The matter is now before the court on a "Motion for Clarification of Mandate" filed by the appellant. Although the mandate does not require clarification, the earlier opinion of this court and the mandate must be amended.

Pursuant to Fed.Rules' Civ.Proc., rule 49(a), 28 U.S.C.A., the issues were submitted to the jury on special interrogatories in response to which the jury found: (1) the smoking of Chesterfield cigarettes by the plaintiff was "the cause, or one of the causes," of cancer; (2) the defendant was not chargeable with negligence; (3) the defendant made no "express warranties upon which the plaintiff relied and by which he was induced to purchase" the cigarettes; and (4) the plaintiff assumed the risk of injury by his smoking the cigarettes. Since the issue of causation was decided by the jury in the earlier trial, the plaintiff may not

be required to relitigate the same issue when the action is retried. Green v. American Tobacco Co., 325 F.2d 673, 678 (5th Cir. 1963), cert. den. 377 U.S. 943, 84 S.Ct. 1349, 12 L.Ed.2d 306. However, the issues as to liability and damages must be relitigated.

The last paragraph of our filed opinion, page 11, will be amended to read as follows: "The judgment of the court below will be reversed and the action will be remanded with the direction that a new trial be had limited to the issues of liability, (except as to the finding that the cause, or one of the causes, of cancer was the smoking of Chesterfield cigarettes by the plaintiff, as set forth in special finding of fact No. 1), and damages." The mandate will be amended accordingly.