THOMPSON, Respondent, v. HOWE, and another, Appellants.

*No. 75–254. Submitted on briefs March 30, 1977.—*
*Decided May 3, 1977.*
(Also reported in 253 N. W. 2d 59.)

442

For the appellants the cause was submitted on the briefs of *Johns, Flaherty & Gillette, S. C.* of La Crosse.

For the respondent the cause was submitted on the brief of *N. George De Dakis* of La Crosse.

HANLEY, J.   The following issues are considered for determination:

1. Did the trial court err in granting a new trial on the issue of negligence?

2. Is the plaintiff entitled to a new trial in the interests of justice by order of this court pursuant to sec. 251.09, Stats.?

3. Was the defendants' second motion for judgment on the verdict properly denied?

*Order for New Trial*

The plaintiff, Thompson, filed two written motions after verdict. The first motion requested that the court change the jury's answers finding Thompson causally negligent and rule as a matter of law that the negligence of Howe was the sole cause of the accident. The first motion also asked for a new trial on damages. Plaintiff's second motion requested that the court change the jury's answers finding Thompson causally negligent, rule as a matter of law that negligence of Howe was the sole cause of the accident, allow Thompson's previous objection to the submission to the jury of the questions relating to causal negligence of Thompson, and enter judgment on the special verdict as modified. The plaintiff made no motion for a new trial on the issue of negligence.

The trial court thereafter entered a written order which merely stated:

"IT IS ORDERED: that the motion of plaintiff for new trial be and is hereby granted as to the negligence question only."

Sec. 270.49, Stats. (1973), applicable in this case, provides:

"270.49 *Motion for new trial.* (1) A party may move to set aside a verdict and for a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; . . .

"(2) Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order. . . .

" . . ."

Under this statute, this court has held, it is sufficient for an order granting a new trial to state the statutory grounds therefor, except where the ground is the interest of justice. If the ground is the interest of justice, the trial court must also set forth in detail the reasons that prompted the court to make such an order. *Leatherman v. Garza,* 39 Wis.2d 378, 385–86, 159 N.W.2d 18 (1968).

Here the trial court's order specifies no grounds upon which a new trial was granted. Although the trial judge stated at the hearing on the motions after verdict that he was "satisfied in light of the facts that the allocation of negligence here was grossly disproportionate,"

no transcript of that hearing was on file in this case at the time the order granting a new trial was entered on January 17, 1975. The transcript, the record shows, was not even prepared and certified by the court reporter until August 27, 1975. Therefore, the statements of the trial judge at the hearing on motions after verdict cannot be incorporated into the written order. *Schrank v. Allstate Insrance Co.*, 50 Wis.2d 247, 253, 184 N.W.2d 127 (1971).

Where the trial court has specified no ground for its order for new trial, sec. 270.49(2) provides, the order shall be deemed granted for error on the trial. Accepting this statutory rule, the plaintiff contends that the trial court did commit error at trial by submitting to the jury the question as to the comparison of negligence. The record shows that the plaintiff objected to the inclusion in the special verdict of the questions numbered 3 and 4 asking if Thompson, the plaintiff, was negligent and if such negligence was causal. The plaintiff thus requested that the comparative-negligence issue be taken from the jury and that the trial court direct the verdict for the plaintiff on the issue of liability. The trial court, as recommended by this court in *Davis v. Skille*, 12 Wis. 2d 482, 490, 107 N.W.2d 458 (1961), reserved its ruling on this objection. The issue, therefore, is whether the trial court erred in refusing to direct a verdict that the defendant, Howe, was 100% negligent.

In determining whether a directed verdict should be granted, the evidence is viewed most favorably to the contention of the party against whom the verdict is sought to be directed. *Hoeft v. Friedel*, 70 Wis.2d 1022, 1030–31, 235 N.W.2d 918 (1975). The test is whether there is any credible evidence which under a reasonable view would support a verdict contrary to that which is sought. *Hoeft v. Friedel, supra* at 1030; *Tombal v.*

*Farmers Insurance Exchange,* 62 Wis.2d 64, 68, 214 N.W.2d 291 (1974).

■

We think the record of this case contains credible evidence which supports a finding of causal negligence on the part of the plaintiff. On the afternoon of the accident, the road was slippery due to sleet which had frozen upon it. Thompson testified that his car was moving at about 20 miles per hour and that he turned on his left directional signal about 50 feet before he changed from the right to the left lane. He stated he changed lanes about 150 feet before he stopped at the intersection to turn left. Also admitted into evidence, however, were statements by Thompson at an adverse examination. At that examination Thompson stated:

"When I changed lanes, I was about to stop, pretty well on the way to stopping.

"...

"Yeah, I was about to stop when I got straightened out, and it was only a few feet."

Thompson estimated that at the time he changed lanes, Howe's car was approximately 100 feet behind his.

Alberta Thompson, the plaintiff's wife and a passenger in the plaintiff's car, also testified. On cross-examination, defense counsel read statements made by Mrs. Thompson at an adverse examination. Mrs. Thompson, at the examination, stated that her husband turned on the directional signal immediately as he changed lanes.

A written statement made by the defendant Howe two days after the collision was admitted into evidence. Howe stated therein that his car was travelling about 25–30 miles per hour and was about 100 feet behind the Thompson car when it changed lanes. The posted speed limit on Losey Boulevard is 25 miles per hour. When Howe saw the brake lights of the Thompson car go on, he realized it was going to turn left. Howe stated he

had sufficient time to stop, considering the distance between the cars, but when he applied his brakes, his car did not slow, but slid on ice on the roadway. He stated he did not realize the road was slippery, and, if he had known of the ice, he would have reduced his speed.

At trial Howe testified that he was going about 25 miles per hour and observed the Thompson car change from the right to the left lane with its directional signal on at a point about 30 to 40 feet from the intersection. He described the lane change as more or less a curve, as the Thompson car simply went over to the left lane at the intersection. When the Thompson car was about 10 feet from the intersection, Howe testified, he observed its brake lights.

This evidence, viewed most favorably to the defendant, easily could support a finding of some causal negligence on the part of the plaintiff. The statement of Thompson that when he changed lanes, he was about to stop at the intersection and the statement of Mrs. Thompson that the turn signal was activated immediately as the lane change took place could support a conclusion that the plaintiff's car went from the right lane in front of the defendant's car only a short distance from the intersection where the plaintiff intended to stop. This conclusion is also supported by Howe's testimony that the lane change took place only 30 to 40 feet from the intersection and that the Thompson car curved directly over to the left lane at the intersection.

A driver preceding another has the duty to use the roadway in the usual manner with proper regard for all others using the road. *Burlison v. Janssen*, 30 Wis. 2d 495, 502, 141 N.W.2d 274 (1966). No driver may turn his vehicle at an intersection or deviate from a traffic lane in which he is driving unless and until such deviation can be made with safety to other vehicles ap-

proaching from the rear. Secs. 346.13(1) and 346.34 (1), Stats.

Wis. J.I.—Civil 1355 states in part:

"The driver of the deviating vehicle is required to exercise ordinary care to make an efficient lookout. This calls for him to exercise ordinary care to determine the presence, location, distance, and speed of any vehicle that might be affected by his movement. After having made these observations, the driver must also exercise reasonable judgment in calculating the time required for him to safely deviate from his traffic lane without interfering with other vehicles within or approaching his course of travel."

In calculating the time required to safely execute his maneuver, the driver must, of course, also consider the condition of the highway. In addition, not only are these duties incumbent upon the preceding driver, but sec. 346.34 requires that an appropriate signal be given continuously during not less than the last 100 feet travelled by the vehicle before turning or changing lanes.

This record contains credible evidence upon which a jury could conclude the plaintiff Thompson changed lanes and stopped to turn at a time when his manuever could not be done with reasonable safety, particularly in light of the icy road conditions. Further, there is credible evidence which would support a finding that Thompson failed to make signals for the lane change and left turn as required by law. Under the statute, Thompson was required to give a signal for 100 feet before changing lanes and for 100 feet after the lane change and before turning left.

There being credible evidence to support a finding of causal negligence on the part of the plaintiff, a jury question as to that negligence and as to a comparison of negligence was presented. No error was committed by

the trial court in refusing to take these questions from the jury and direct a verdict that the defendant's negligence was the sole cause of the accident.

The plaintiff does not contend that any other error than the claimed error considered above was made at trial. The record discloses none. Therefore, the trial court's order for a new trial deemed granted for error at trial for failure to state any grounds under sec. 270.-49(2) must be reversed.

In this case the trial court not only failed to state reasons for an order granting a new trial in the interest of justice, but also failed to state any statutory ground for its order of a new trial. Moreover, the plaintiff made no motion for a new trial on the issue of negligence. His first motion asked for a new trial only on the issue of damages. The trial court has neither granted nor denied a motion by the plaintiff to make an order for a new trial in the interest of justice or upon the ground that the verdict was contrary to the evidence. Accordingly, it is unnecessary for this court to determine whether the trial court should have or could have properly made such an order. Resolution of the following issue, whether this court should, in its discretion, order a new trial under sec. 251.09, Stats., is all that may be requested.

*Discretionary Reversal Under Sec. 251.09, Stats.*

Before this court will exercise the authority of reversal under sec. 251.09, Stats., it must be convinced that a miscarriage of justice has occurred and that a new trial will probably effect a different result. *Bohlman v. American Family Mutual Insurance Co.*, 61 Wis. 2d 718, 729, 214 N.W.2d 52 (1974). Although this court has on occasion ordered a new trial where the apportionment of negligence is grossly disproportionate, as plaintiff claims it is here, this court's authority of discretion-

ary reversal upon such grounds should be sparingly exercised, because the apportionment of negligence is a matter peculiarly within the province of the jury. *Tuschel v. Haasch,* 46 Wis.2d 130, 136, 174 N.W.2d 497 (1970).

In cases where the court has considered whether to reverse due to a miscarriage of justice, it has examined the evidence in a light most favorable to the jury's verdict. *Schrank v. Allstate Insurance Co., supra* at 253–54; *Tuschel v. Haasch, supra* at 139. In so viewing the record, the rule is that the jury's verdict must be sustained if there is any credible evidence which, under a reasonable view, supports the verdict. *Schrank v. Allstate Insurance Co., supra* at 254. Thus, is there credible evidence which can reasonably support the conclusion that the drivers in this case were equally negligent, as the jury found, or must it be said that, as a matter of law, Howe was more negligent than Thompson, as the respondent Thompson contends?

We think that the evidence, discussed above, is sufficient to support the jury's verdict and therefore the power of discretionary reversal should not be exercised in this case. The statements of Mr. and Mrs. Thompson at adverse examinations and the testimony of Howe at trial easily support the finding that, on a very slippery roadway, Thompson changed lanes and stopped in front of Howe's car to turn left at a time when such a maneuver could not be completed without the danger of a collision in the rear. Under these circumstances the collision could be caused equally by both drivers. The slippery conditions of the road made it necessary for both drivers, not only Howe, to exercise a degree of care commensurate with such conditions.

We conclude that the issues of the case have been fully and fairly tried and determined by the jury and that its verdict is amply supported by the evidence. Since

we so hold that the trial court erred in granting a new trial on the issue of negligence, it is unnecessary to the resolution of the case to consider the remaining issue regarding the denial of the defendants' second motion for judgment on the verdict.

The order of January 17, 1975 granting a new trial on the issue of negligence only must be reversed and the cause remanded with instructions to enter judgment on the verdict dismissing the respondent's complaint.

*By the Court.*—Order reversed and cause remanded, with directions.