Oscar NORDEEN, Plaintiff-Appellant,

v.

William R. HAMMERLUND, d/b/a
Hammerlund Builders, and Ohio Casualty
Company, Defendants-Respondents.

Court of Appeals

*No. 85–0767. Submitted on briefs April 17, 1986.—Decided
May 20, 1986.*

(Also reported in 389 N.W.2d 878.)

For the appellant Oscar Nordeen there were briefs by *David M. Erspamer* of Amery.

Brief amicus curiae of The Wisconsin Academy of Trial Lawyers by *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.*

For respondents William R. Hammerlund, d/b/a Hammerlund Builders, and Ohio Casualty Company, there was a brief by *Douglas M. Johnson* and *Beverly Wickstrom* of *Garvey, Anderson, Kelley & Ryberg, S.C.*

Before Cane, P.J., Dean and LaRocque, JJ.

LAROCQUE, J.  Oscar Nordeen, injured while visiting a construction site, appeals a verdict and judgment exonerating the contractor, William Hammerlund, of negligence. The issues are whether the jury should have been advised that Hammerlund's violation of a safety rule was negligence per se and whether the trial court's refusal to advise the jury of the effect of its verdict was error. Because Hammerlund's failure to guard a floor opening with either railings or a cover, contrary to the Wisconsin Administrative Code, was negligence per se and imposed civil liability, failure to so instruct the jury was error. Neither error nor harm resulted from the trial court's refusal to advise the jury that a plaintiff cannot collect damages absent a defendant's causal negligence. We therefore reverse and remand for a new trial on the issue of liability only.

Nordeen, on a visit to a new home construction site in July, 1981, and while conversing with his nephew, Hammerlund, stepped backward into an open basement stairwell. A defense witness testified that a federal Occupational Safety and Health Act (OSHA) regulation requiring protection of floor openings at construction sites by guardrails or covers did not apply to frequenters.[1] Nordeen requested a jury instruction

[1] The trial court refused to strike the testimony as a conclusion of law, ruling that it was a responsive answer to counsel's cross-examination.

that Hammerlund's failure to comply was negligence per se. The trial court, unconvinced that the OSHA standard applied to frequenters, declined to give the requested instruction.[2]

■

Wisconsin applies the provisions of the Restatement (Second) of Torts § 286 (1965) to determine whether a legislative enactment or an administrative regulation may be adopted as a standard of conduct in a negligence action. *See Olson v. Ratzel,* 89 Wis. 2d 227, 237–38, 278 N.W.2d 238, 243 (Ct. App. 1979). The Restatement provides that where a rule or statute is designed to protect a class of persons from a particular type of harm, a violation that results in that type of harm to someone in the protected class constitutes negligence per se. *Id.* at 239, 278 N.W.2d at 244.

---

[2] The trial court was not advised that the OSHA standards have been adopted as part of the Wisconsin Administrative Code and that the Wisconsin code protects frequenters. The code provisions were first raised in the amicus brief filed with this court by the Wisconsin Academy of Trial Lawyers (WATL).

Wis. Admin. Code § Ind 1926.500(b)(7) and (8) (1975) provides:

(7) Temporary floor openings shall have standard railings.

(8) Floor holes, into which persons can accidentally walk, shall be guarded by either a standard railing with standard toeboard on all exposed sides, or a floor hole cover of standard strength and construction that is secured against accidental displacement. While the cover is not in place, the floor hole shall be protected by a standard railing.

Wis. Admin. Code § Ind 1003.01(17) (1975) defines frequenter to "mean and include every person, other than an employe, who may go in or be in a place of employment or public building under circumstances which render him other than a trespasser."

It is apparent from the language of the relevant provisions of the Wisconsin Statutes and rules applicable here that the Restatement test has been met. Wis. Admin. Code § Ind 1001.01 (1975) provides: "The purpose of this code is to establish administrative rules which promote the health, safety and welfare of the *public,* employers and employes and to provide for safe and healthful places of employment." [Emphasis supplied.] Wis. Admin. Code § Ind 1002.01 (1975) provides: "The administrative rules in this code shall apply to the *frequenter,* employers, employes and places of employment. . . ." [Emphasis supplied.] Wis. Admin. Code § Ind 1004.01 (1975) provides: "The department shall have the power to create reasonable administrative rules, . . . related to the *public,* employers, employes and places of employment in accordance with section 101.02, Wis. Stats." [Emphasis supplied.]

Section 101.02, Stats., in turn provides in part:

> It shall be the duty of the department [DILHR], and it shall have power, jurisdiction and authority:
> (15)(h) To ... prescribe ... safeguards ... best adapted to render the employees of every employment and place of employment and *frequenters* of every place of employment safe. ... [Emphasis supplied.]

We note *Walker v. Bignell,* 100 Wis. 2d 256, 269, 301 N.W.2d 447, 455 (1981), seems to suggest, however, that the mere characterization of a rule as a safety statute, the violation of which is negligence per se, is not enough. "[W]e must yet determine whether there is some expression of legislative intent that the section become a basis for the imposition of civil liability." *Id.* "[T]he requisite intent may be supplied by necessary

implication from the language of the statute." *Id.* at 271, 301 N.W.2d at 455–56. In *Walker,* 100 Wis. 2d at 271, 301 N.W.2d at 456, the court found a basis for civil liability from the statutory language because it was "such a clear expression of concern for the safety of highway users, committed to plainly to the responsibility of the public highway authorities. . . ." We conclude that the language found in the statutes and the Administrative Code in this case provides an equally plain expression of legislative intent to protect construction site frequenters and therefore imposes civil liability.

Although the trial court advised the jury of the provisions of Wisconsin's safe place statute,[3] it let stand the testimony of a defense expert that the safety standard did not apply to frequenters. We cannot therefore characterize the error as harmless.

Nordeen's request that the court order a new trial on the issue of damages is without merit. During deliberations, the jury inquired of the court whether they could still award damages to Nordeen if they found Hammerlund not negligent. The trial court correctly instructed the jury to answer the damage question regardless of how they answered the liability questions.

The Wisconsin Supreme Court has explicitly forbidden trial courts to advise the jury of the effect of its verdict. *McGowan v. Story,* 70 Wis. 2d 189, 196, 234

---

[3] Where a correct instruction on a material point is timely requested and there is evidence to support it, it is error to refuse it unless an equivalent instruction is given. *Sambs v. City of Brookfield,* 66 Wis. 2d 296, 304, 224 N.W.2d 582, 587 (1975). The safe place duty is not equivalent to a duty imposed by a specific safety statute.

N.W.2d 325, 328 (1975). We are bound by prior decisions of the supreme court. *Larsen v. Wisconsin Power & Light Co.,* 120 Wis. 2d 508, 519, 355 N.W.2d 557, 563 (Ct. App. 1984). In any case, Nordeen gives no basis for his claim that the damage verdict was in any way influenced by the jury's curiosity.

That part of the judgment dismissing the claim is reversed and the matter remanded to the trial court for a new trial on the issue of liability only. The verdict as to damages is affirmed.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. Costs to appellant.