Rodger EKLUND and Rodger C. Eklund, Plaintiffs-Respondents, †

v.

KOENIG & ASSOCIATES, INC., Defendant-Appellant. [Case No. 88–1870.]

Wayne KOENIG and Koenig & Associates, Inc., Plaintiffs-Appellants,

v.

Rodger C. EKLUND, Sr., Rodger Eklund, Jr., Mary Kay Duket, and Eklund Insurance Agency, Inc., Defendants-Respondents.† [Case No. 89–1927.]

Court of Appeals

*Nos. 88–1870, 89–1927. Submitted on briefs July 12, 1989.—Decided November 28, 1989.*

(Also reported in 451 N.W.2d 150.)

† Petition to review denied.

For Wayne Koenig and Koenig & Associates there were briefs by *Winston Ostrow, Anthony M. Karabon,* and *Godfrey & Kahn, S.C.,* of Green Bay.

For Rodger C. Eklund, Sr., and Rodger Eklund, Jr., there was a brief by *Robert W. Schaefer* and *Trowbridge, Planert & Schaefer, S.C.,* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Wayne Koenig and Koenig & Associates, Inc., appeal judgments dismissing claims against various defendants (the Eklunds) arising out of Koenig's purchase of the Eklund Agency, Inc. In a consolidated action, the Eklunds were awarded $364,493.26 in principal, interest, and costs, based upon Koenig's unpaid promissory note. In Koenig's action tried to a jury, at the conclusion of the evidence, the trial court dismissed Koenig's claims for intentional deceit and punitive damages and also "conflated" or consolidated his breach of warranty claim with a claim for strict responsibility deceit. The jury decided the strict responsibility claim, submitted with a middle burden of proof, in favor of the Eklunds and also found Koenig 55% causally negligent in Koenig's negligent deceit claim and set his damages at $70,000. The trial court granted judgment in favor of the Eklunds for all sums due on the purchase price and dismissed Koenig's claims based on the verdict. Koenig's action for rescission was also dismissed. We affirm the trial court's judgment except for

the breach of warranty claim. We reverse and remand for a trial on that claim because Koenig is entitled to a verdict applying the ordinary burden of proof.

Koenig's claims were in large measure based upon a provision in the parties' written contract of sale that stated:

*SELLERS' REPRESENTATIONS.*

As an inducement for the Buyer to enter into and purchase the assets being sold hereunder, the Seller has made the following representations upon which the Buyer has relied in entering into this agreement . . ..

(1) The total of commissions received . . . in the twelve-month period ending May 30, 1985, are a total of $307,397.27 . . ..

Koenig's accountant testified that the actual commissions were approximately $10,000 less than represented. The Eklunds' business manager testified that the represented figures were accurate. She attributed the apparent discrepancy either to Koenig's failure to get complete data from the companies that paid the commissions or to the fact that her compilation may have covered a slightly different time period from that stated in the contract. The Eklunds in essence maintained that despite the contract reference to the twelve months ending May 30, 1985, the precise time frame for compiling the prior year's commissions was not a material inducement for the sale; that the accuracy of any twelve-month representative period close to the sale was the only essential.

## CONSOLIDATION OF THE BREACH OF WARRANTY CLAIM

The trial court, at the conclusion of the evidence, refused to submit a separate jury verdict on the claim for

breach of warranty on grounds the claim was subsumed by the claim for strict responsibility deceit. In submitting the verdict, the court used the pattern jury instruction, Wis J I—Civil 2402 (1969), relating to an action for strict responsibility, deceit, and added the comment, "I further want you to know that this instruction covers the alleged breach of warranties set forth in the purchase contract . . .." The jury was instructed that the burden of proof was upon Koenig "to convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing . . .." This language was explicitly approved in a strict responsibility action in *Neas v. Siemens,* 10 Wis. 2d 47, 53, 102 N.W.2d 259, 262 (1960). This is the middle burden of proof; the ordinary burden of proof requires only that the jury be satisfied to a reasonable certainty by the greater weight of the credible evidence. *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 299, 294 N.W.2d 437, 457 (1980).[1] The jury found that the Eklunds did not make an untrue representation of fact based upon personal knowledge.

We agree with the trial court's observation that it is virtually impossible to distinguish the tort of strict responsibility deceit arising out of a contract from the action for breach of express warranty, at least given the facts alleged here by the buyer. Nevertheless, because Wisconsin case law imposes the middle burden of proof for a strict responsibility deceit action, Koenig was entitled to a separate verdict for breach of warranty applying the ordinary burden.

---

[1] The comment to Wis J I—Civil 2402 also suggests the application of the middle burden to a strict responsibility claim.

Apart from the different burden of proof, both actions involve an affirmation of fact that proves untrue. The seller's intent is irrelevant. *Bentley v. Fayas,* 260 Wis. 177, 183, 50 N.W.2d 404, 408 (1951) (deceit); *Ewers v. Eisenzoph,* 88 Wis. 2d 482, 488–89, 276 N.W.2d 802, 805 (1979) (breach of warranty action). Both actions require only that the affirmation of fact be a material inducement and not the sole basis for the sale. *Household Finance Corp. v. Christian,* 8 Wis. 2d 53, 57, 98 N.W.2d 390, 393 (1959) (deceit); *Ewers,* 88 Wis. 2d at 488, 276 N.W.2d at 805 (breach of warranty). Finally, Wisconsin applies the benefit of the bargain measure of damages to both strict responsibility deceit and breach of contract. *Anderson v. Tri-State Home Improve. Co.,* 268 Wis. 455, 464, 67 N.W.2d 853, 859 (1955) (deceit); *Thorp Sales Co. v. Gyuro Grading Co.,* 111 Wis. 2d 431, 438, 331 N.W.2d 342, 346 (1983) (contract).

It is therefore evident that Koenig's two claims are but one cause of action arising out of the same evidentiary facts. He need not have furnished any additional evidence to sustain his warranty claim than was furnished to support his deceit claim. Authorities have noted the similarities. "[T]he distinction between tort and contract liability is blurred . . .. It would be easy to dismiss the question of whether liability was tort or contract were it not for the fact that there are some issues that will be affected by the theory upon which recovery is allowed . . .." Prosser & Keeton on Torts, ch. 18 at 749 (5th ed. 1984). Unfortunately, in Wisconsin the two theories of recovery call for different burdens of proof.

Skeptics may suggest that the linguistic distinctions between "clear, satisfactory, and convincing" evidence and the "greater weight of the credible" evidence are mere semantics. Despite this suggestion, the supreme

court has found it reversible error to instruct a jury in an ordinary negligence case to base its decision upon a "clear" preponderance rather than a "fair" preponderance. *Bengston v. Estes,* 260 Wis. 595, 51 N.W.2d 539 (1952). The significance of requiring "clear" evidence is further discussed at some length in *Kuehn v. Kuehn,* 11 Wis. 2d 15, 104 N.W.2d 138 (1960).

Because strict responsibility claims do not require proof of actual fraud, perhaps the ordinary burden of proof should be adequate. This court, however, is bound by prior decisions of the supreme court. *Nordeen v. Hammerlund,* 132 Wis. 2d 164, 170, 389 N.W.2d 828, 830 (Ct. App. 1986). The middle burden has the approval of that court. *Neas,* 10 Wis. 2d at 53, 102 N.W.2d at 262. We therefore remand the warranty claim for a jury trial under the ordinary burden.

## INTENTIONAL DECEIT AND PUNITIVE DAMAGES

Koenig's complaint also sought punitive damages and alleged that the Eklunds intentionally misrepresented the past and future commission income, the ownership of certain renewal premiums, and the effect of a lawsuit by the Eklunds against a competitor that was settled out of court. The trial court dismissed these claims. Dismissal was appropriate because, viewing the evidence in a light most favorable to Koenig, there was no credible evidence under any reasonable view to support the allegations. *See Thompson v. Howe,* 77 Wis. 2d 441, 448, 253 N.W.2d 59, 62 (1977). Included in the evidence are Koenig's admissions that he had no knowledge that the Eklunds' activities were intentional deceit. Further, on appeal, several of these issues were raised

but neither developed nor argued further. We therefore deem them abandoned. *Reiman Assocs. v. R/A Adver., Inc.,* 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 n. 1 (Ct. App. 1981).

## RESCISSION

Upon receipt of the verdict, Koenig moved the court to grant rescission. This remedy is inconsistent with an action at law for damages. *See Jolin v. Oster,* 55 Wis. 2d 199, 205, 198 N.W.2d 639, 642 (1972). When a party discovers an alleged fraud by the seller, he may affirm the contract and sue for damages, or he may disaffirm and seek restitution. The same principle applies to an alleged breach of contract. Dobbs, Handbook on the Law of Remedies, sec. 1.5 at 15 (1973).

In conclusion, we remand this matter for a trial limited solely to the issue of whether the Eklunds' representation concerning prior commissions constituted a breach of warranty. We reject Koenig's argument that there was a breach of warranty as a matter of law because the evidence was in dispute as to whether the commission data was accurate and materially induced the agreement.

*By the Court.*—Judgments affirmed.

CANE, P.J. (*concurring* )  As the law now stands, I must concur with the majority's decision in this case. However, the current law on burdens of proof needs to be changed. That change must come from the supreme court, not this court.

I submit that there should be only one burden of proof in all civil actions. The linguistic distinctions between "clear, satisfactory and convincing" evidence and the "greater weight of the credible" evidence are

distinctions recognized only in the minds of lawyers or judges. Historically, this "perceived" distinction has resulted in numerous appeals, while in reality, the difference in the burdens of proof does not exist. Juries cannot tell the difference, and we should put an end to this mythical or highly technical difference.

I can understand having a "higher" burden of proof in criminal cases where we have the additional requirement of unanimity for an acceptable verdict. On the other hand, in civil actions where a verdict of five-sixths of the jurors results in money damages, regardless of the recovery theory, we should have one burden of proof. The obligation placed upon the plaintiff to prove additional elements, for example, an intentional act or deceit, is a sufficient additional requirement for the more serious acts. Requiring juries to be convinced to different degrees of certainty, however, is unnecessary and results only in confusion for the jurors. This problem becomes even more absurd in this case where the theories for recovery are virtually identical, and yet "different" burdens of proof are required.